IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03CV502-03-V
(3:00CR134-V)

| | |
|---|---|
| CHARLES FRANCIS GRAHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside Or Correct Sentence under 28 U.S.C. § 2255, (Document No. 1); on the Government's Response to Petitioner's Motion and Motion for Summary Judgment, (Document No. 3), on the Government's Motion to Supplement it's Response and Motion for Summary Judgment (Document No. 5); on Petitioner's Response to Government's Motion for Summary Judgment (Document No. 9) and on Petitioner's "Delayed Motion for an Evidentiary Hearing to Defendant's Already Filed 28 U.S.C. 2255 Petitioner" (Document No. 10.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reveals that on July 11, 2000 Petitioner was charged in a Bill of Indictment which alleged that he conspired to possess with intent to distribute cocaine and cocaine base; knowingly used, carried and brandished a firearm and aided and abetting in the use of a firearm.

On March 15, 2001 Petitioner entered a "straight-up" guilty plea before Magistrate Judge Brent McKnight. Judge McKnight carefully reviewed with Petitioner the charges to which he was

1

pleading guilty and the elements that the government would be required to prove if he proceeded to trial. Petitioner testified under oath that he was in fact guilty. He also expressed satisfaction with the services of his attorney, Mr. James Exum.

On October 18, 2001 Petitioner stated in open court that he wanted to withdraw his guilty plea. The government filed a written response, opposing Petitioner's motion on November 26, 2001. Petitioner's counsel then filed a motion to withdraw on December 4, 2001, citing a potential ethical conflict. Petitioner's counsel was permitted to withdraw and new counsel was appointed on December 7, 2001.

On April 23, 2002, this Court conducted a hearing on Petitioner's motion to withdraw his guilty plea. During the hearing the Court heard testimony from Petitioner and his previous attorney, James Exum. Mr. Exum testified that he was retained to represent the Petitioner in his federal criminal case. He testified that he explained to the Petitioner the charges pending against him and that he provided to the Petitioner the government's open file discovery. Mr. Exum also stated that he explained to the Petitioner the consequences of a guilty plea. According to Mr. Exum, the Petitioner appeared to understand the consequences of his guilty plea and the provisions of the Rule 11 colloquy. When the Petitioner testified, the prosecutor reviewed with the Petitioner a transcript of his answers at the Rule 11 colloquy, and the Petitioner acknowledged that he had answered the questions as indicated in the transcript of the Rule 11 hearing. At the hearing, the government tendered Detective Messer who described the results of his investigation including evidence pertaining to Petitioner's guilt. According to Detective Messer's testimony, the Petitioner was one of four persons who participated in a home invasion in an effort to obtain cocaine. Detective Messer explained that according to a co-defendant, the Petitioner had the Mack 10 firearm during the

robbery. After Detective Messer testified, Petitioner took the witness stand again and provided a slightly different account of the robbery. Petitioner admitted to being with the perpetrators in a vehicle on the night of the robbery, however he denied knowing that a robbery was about to occur. He did acknowledge "I knew they was (sic) going to do something, but I stayed in the car while they got out." He further admitted that he saw his co-defendant, Antonio Steele, throw a gun out the window of the car and that he fled from the scene when he saw the police because "I knew what they had just do."

After the hearing and the arguments of counsel, this Court reviewed the factors to be considered when assessing a Defendant's motion to withdraw his guilty plea, as provided in United States v. Wilson, 81 F.3d 1300 (4th Cir. 1996). The Court then denied Petitioner's motion to withdraw and proceeded to the sentencing hearing. The Court declined to find that the Petitioner's testimony at the sentencing hearing was perjurious, however the Court denied Petitioner a three-level reduction for acceptance of responsibility because he denied the essential elements of the offense during his sentencing testimony.

Petitioner was sentenced within the applicable guidelines range to a term of 210 months on Count One; 120 months on Count Four to run concurrent to Count One; and 7 years on Count Two to run consecutive to Counts One and Four.

Petitioner appealed this Court's decision denying his motion to withdraw his guilty plea and also argued that this Court abused its discretion in finding a factual basis for the guilty plea. In an unpublished opinion filed on October 16, 2002, the Fourth Circuit rejected Petitioner's contentions and affirmed his conviction and sentence.

On October 15, 2003 Petitioner filed the instant motion alleging that his trial counsel was

3

ineffective and the prosecution engaged in prosecutorial misconduct.

Upon careful consideration of the foregoing documents and the controlling legal precedent, the Court concludes that the Petitioner's Motion to Vacate should be dismissed. That is, the Court finds that the instant record makes it clear that counsel was not deficient and that the prosecution did not engage in prosecutorial misconduct.

## II. ANALYSIS

### 1. Ineffective Assistance of Counsel

Petitioner cites a laundry list of reasons that, from his point of view, establish that his attorney was ineffective. However, the focus of his claim of ineffectiveness of counsel is that Mr. Exum was ineffective because he failed to inform Petitioner of the prosecutions's case against him when he decided to plead guilty. Petitioner claims that his attorney explained to him that the he was pleading guilty to simply being with his co-defendants when they committed the robbery. He claims that he thought he was pleading guilty because of his association with the co-defendants. Petitioner argues that he thought this was true because his attorney told him that the government's evidence did not show that Petitioner did anything wrong, other than being with his co-defendants when they committed the crime. Petitioner claims that when he received the presentence report, he learned for the first time that he plead to actually committing the robbery with his co-defendants.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v.

4

Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an ever higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53-57; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F.2d at 475; accord Hill, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made

5

under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

A presumption exists that counsel is competent. A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption. And the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983). Indeed, the defendant bears an even heavier burden where, as here, the claim of ineffective assistance of counsel follows the entry of a guilty plea.

First, the Court notes that Petitioner's claim of ineffective assistance of counsel is in stark contrast to his statements under oath at the Rule 11 colloquy. At Petitioner's Rule 11 hearing, Petitioner expressed satisfaction with the services of his attorney and indeed, the record reflects that Mr. Exum was a zealous and effective advocate for his client.

Next, at his Rule 11 hearing, Magistrate Judge McKnight carefully reviewed the charges with Petitioner – including brandishing a firearm and aiding and abetting. Petitioner claimed that he understood, that he was in fact guilty, and that he was satisfied with his attorney at the time of his guilty plea.

At his hearing on his motion to withdraw his plea, the prosecutor reviewed with the Petitioner a transcript of his answers at the Rule 11 colloquy, and the Petitioner acknowledged that he had answered the questions as indicated in the transcript of the Rule 11 hearing.

The Petitioner must take responsibility for his own words at his Rule 11 hearing. Petitioner

insists that he was relying on his attorney's representations that he was only pleading to being in the car with the co-defendants, however Judge McKnight explicitly reviewed the charges with Petitioner and specifically what the government would have to prove as to each allegation. Petitioner clearly stated he understood the charges and that he was in fact guilty of such charges. Petitioner's contention that he was misinformed of the charges is simply disingenuous.

As previously discussed, the prejudice prong is slightly elevated where, as here, Petitioner alleges ineffective assistance of counsel following the entry of a guilty plea. See Hooper, 845 F.2d at 475. Furthermore, if Petitioner cannot establish the requisite prejudice, the Court need not consider the performance prong. Id. Here, Petitioner provides no evidence to support his claim of deficient performance by his attorney. His claim that he thought he was pleading guilty simply being with his co-defendants when they committed the robbery makes no sense in light of his own admissions at his Rule 11 hearing. Even if this Court were to assume Petitioner counsel told him that he was only pleading to being with his co-defendants when they committed the robbery, Petitioner's claim makes no sense in light of his admission of guilt at the Rule 11 hearing.

Petitioner has not established either prong of the Strickland test. Therefore, Petitioner's claim of ineffective assistance of counsel is denied.

Moreover, the knowing and voluntary nature of Petitioner's guilty plea is an issue which has previously been reviewed and considered by this Court at Petitioner's sentencing hearing. This Court had the benefit of testimony from the Petitioner, Mr. Exum and the case agent in reaching its conclusions regarding the voluntariness of the plea. This Court also had the benefit of the Rule 11 colloquy and the arguments of counsel to consider.

Petitioner's own words at his Rule 11 hearing admitting guilt of the allegations contained in

the Bill of Indictment belie his current contention that he thought he was pleading guilty to being in the car with his co-defendants when they committed the robbery.

In short, Petitioner's conclusory and self serving allegations of ineffective assistance of counsel fail to establish either prong of the ineffective assistance of counsel test articulated in Strickland and Hill. Therefore Petitioner's claim of ineffective assistance of counsel is DENIED.

**2. Prosecutorial Misconduct**

Petitioner alleges that the government engaged in prosecutorial misconduct by fabricating and presenting false testimony and by invading the Petitioner's attorney client privilege.

With respect to fabricating and presenting false testimony, Petitioner alleges that the government must have forced his co-defendants into making false statements against him because their first two statements did not implicate him in the robbery and then each made a third statement following a plea agreement which included an agreement to testify against Petitioner, in which they each altered their original statements and implicated Petitioner in the robbery. The mere fact that a co-defendant changed his story does not equal prosecutorial misconduct. Petitioner's claim in this regard is completely conclusory and again in sharp contrast to his admission of guilt at his Rule 11 hearing. Petitioner's claim of prosecutorial misconduct based on fabricating and presenting false testimony is DENIED.

Next, Petitioner claims that the prosecutor invaded Petitioner's attorney client privilege by calling Petitioner's first attorney, Mr. Exum, to testify during Petitioner's motion to withdraw his plea. This claim is wholly unsupported by the record. The Court notes that Petitioner's attorney, Mr. Lee, objected to the government's calling Petitioner's first attorney, Mr. Exum, based upon the attorney client privilege. The Court noted Mr. Lee's objection but allowed Mr. Exum to testify. The

8

Court cautioned that Mr. Lee should still object during the course of Mr. Exum's testimony if an objection was necessary. The government, in response to Mr. Lee's objection, stated that she was not going to ask Mr. Exum any questions pertaining to the privilege. Mr. Exum then testified subject to this Court's monitoring and supervision. The record shows that at no time was the privilege compromised or breached. Therefore, Petitioner's claim that the government interfered with the attorney client privilege is DENEID.

### 3. Plea Was Not Voluntarily Made

Petitioner once again claims that his plea was not voluntarily made because he thought he was pleading guilty because of his association with his co-defendants.

As stated above in the discussion of ineffective assistance of counsel claim, the knowing and voluntary nature of Petitioner's guilty plea is an issue which has previously been reviewed and considered by this Court at Petitioner's sentencing hearing and by the Fourth Circuit Court of Appeals. This Court had the benefit of testimony from the Petitioner, Mr. Exum and the case agent in reaching its conclusions regarding the voluntariness of the plea. This Court also had the benefit of the Rule 11 colloquy and the arguments of counsel to consider. Petitioner's own words at his Rule 11 hearing admitting guilt of the allegations contained in the Bill of Indictment belie his current contention that he thought he was pleading guilty to being in the car with his co-defendants when they committed the robbery. The Court finds no merit to Petitioner's claim that his plea was not voluntarily made. Therefore, this claim is DENIED.

### 4. Newly Discovered Evidence Claim

Petitioner claims that the government presented "false motive " evidence in that the government presented evidence that the robbery was for the purpose of obtaining drugs, but

Petitioner claims that the evidence supports that the robbery was for the purpose of obtaining money. Petitioner also stated that the victims of the robbery testified at his state trial that drugs were not taken from their home the night of the robbery. Petitioner questions where the drug evidence came from in this case if the victims' testimony is true or whether both victims lied. Finally, Petitioner argues that his co-defendant, Jones, provided inconsistent statements and is unreliable as a witness. Jones testified during Petitioner's state trial and denied that he was testifying as part of his federal plea agreement. Petitioner alleges that all of the above justifies a new trial.

The Court finds that none of the above "evidence" taken together or separate constitute grounds for a new trial. It is simply not newly discovered evidence. Although he may now regret doing so, Petitioner cannot escape the fact that he admitted his guilt at the Rule 11 hearing. He plead guilty and has been sentenced accordingly. Petitioner's claim of newly discovered evidence is DENIED.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (Document No. 1) is **DENIED,** the government's Motion for Summary Judgment is **GRANTED** (Document No. 3) and Petitioner's Motion for an Evidentiary Hearing is **DENIED** (Document No. 10.)

**SO ORDERED.**

                Signed: August 7, 2006

                Richard L. Voorhees
                United States District Judge